**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 2, 2021

LETTER TO COUNSEL

    RE:    *Tonya B. v. Kijakazi*[1]
            Civil No. SAG-20-1361

Dear Counsel:

       On December 31, 2019, Plaintiff Tonya B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits ("DIB") and a period of disability. ECF No. 1. I have considered the parties' cross-motions for summary judgment and supporting memoranda. ECF Nos. 25, 29. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

       Plaintiff filed her DIB claim on March 18, 2016, alleging an onset date of November 15, 2014. Administrative Transcript ("Tr.") 358. Her claim was denied initially, Tr. 251, and she subsequently appealed to an Administrative Law Judge ("ALJ"), ECF No. 25 at 5. On March 22, 2018, an ALJ held a hearing, at which it was agreed that a second hearing would be held in order to permit a Medical Examiner to review Plaintiff's medical records and testify as to her limitations. Tr. 143-207. The Medical Examiner testified at the second hearing, which was held on June 8, 2018. Tr. 208-39. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 124-42. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, 20 C.F.R. § 422.210(a).

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. *Office of the Commissioner*, SOC. SEC. ADMIN., www.ssa.gov/org/coss.htm (last visited July 21, 2021). Pursuant to the last sentence of 42 U.S.C. § 405(g), actions brought under that Section "survive notwithstanding any change in person occupying the office of the Commissioner of Social Security." Substitution of the successor as the party in interest is automatic. Fed. R. Civ. P. 25(d).

The ALJ found that Plaintiff suffered from the severe impairments of "major depressive disorder, bipolar disorder, and generalized anxiety." Tr. 129. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels; however, she has non-exertional limitations. She is unable to direct control or activities of others, influence peoples' opinions, attitudes and judgments, work in tandem or teamwork with other individuals or to work with the public. She can tolerate no more than occasional interaction or supervision from supervisors.

Tr. 132. The ALJ found that Plaintiff was not able to perform her past relevant work as a translator. Tr. 134. After considering the testimony of a vocational expert ("VE"), the ALJ determined Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 134. Therefore, the ALJ concluded Plaintiff was not disabled. Tr. 135-36.

Plaintiff raises three arguments on appeal: (1) that the ALJ erroneously analyzed her non-exertional RFC; (2) that the ALJ erred in omitting any mention of certain alleged physical impairments; and (3) that the ALJ erred in weighing the medical opinions that addressed her mental impairments and limitations. ECF No. 25. I agree the ALJ erred in weighing the opinion evidence and accordingly remand. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

The error in this case stems from the ALJ's evaluation of Plaintiff's mental impairments and the opinion evidence relating to Plaintiff's mental impairments. Having determined that Plaintiff suffered from medically determinable mental impairments, the ALJ appropriately recognized that she must apply the "special technique" to determine the severity of Plaintiff's mental impairments. *See* Tr. 129-31; 20 C.F.R. § 404.1520a. In applying the technique, an ALJ "must . . . rate the degree of functional limitation resulting from the impairment(s)." 20 C.F.R. § 404.1520a(b)(2). The ALJ is required to rate the claimant's limitations in four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 404.1520a(c)(3). The ALJ uses a five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4). The rating is based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." *Id.* § 404.1520a(c)(2).

In this case, the ALJ applied the special technique and found that Plaintiff had no limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and no limitation in adapting and managing oneself. Tr. 131. In contrast, the record contains two medical opinions that relate to Plaintiff's mental impairments: one from Plaintiff's treating provider, CRNP Bullock, *see* Tr. 1304-08, and one from the state agency psychological consultant who reviewed Plaintiff's claim at the initial level, *see* Tr. 246-48. Both found that Plaintiff had greater limitations than the ALJ found in her decision. CRNP Bullock found that Plaintiff had mild to marked limitations in understanding, remembering, or applying information; moderate to extreme limitations in

*Tonya B. v. Kijakazi*
Civil No. SAG-20-1361
August 2, 2021
Page 3

interacting with others; marked to extreme limitations in sustained concentration, persistence, or pace; and mild to extreme limitations in adapting or managing oneself. Tr. 1304-08. The consultant found that Plaintiff was moderately limited in her understanding and memory; moderately limited in her ability to sustain concentration and persist; moderately limited in social interaction; and without limitation in her ability to adapt. Tr. 246-48. The unexplained asymmetry between the medical opinion evidence and the ALJ's findings, particularly in view of the ALJ's failure to appropriately evaluate the opinion evidence in accordance with the regulations, requires remand.

The ALJ mentioned the opinion evidence just twice in her RFC analysis: first, in a blanket statement that she "considered the opinion evidence in accordance with the requirements of 20 CFR 404.1527;" and second, in a single paragraph wherein she discussed both opinions while evaluating Plaintiff's social interaction limitations:

> In analyzing the claimant's social limitations, despite having anxiety with traits of bipolar disorder, records, testimony, and empirical data show that the claimant is independent, yet also able to interact on an occasional basis and get along with others. For example, when engaged in counseling and taking her medication, she demonstrates the capacity to date socially and be "happy" in a relationship; further, she is able to shop, travel to visit friends, and utilize social media. The above analysis, combined with the undersigned's observations and interactions with the claimant during the hearing, provide strong indication she is able to adequately communicate with others, including strangers in unfamiliar settings; understand, comprehend, and follow basic instructions' and behave in a vocationally and socially acceptable manner. Based on these factors, less weight and persuasion is given to the opinion submitted by Nurse Practitioner J. Bullock opining the claimant has marked limitations in interacting with others. Greater weight is given to the opinion of the state agency reviewer opining the claimant's social and psychological limitations are less than marked and not work preclusive. Moreover, there is credible evidence in the record indicating the claimant is intelligent, avid at reading and interpreting and that she is overall capable of working. For example, the claimant has worked part-time at home throughout the relevant period wherein she alleges being disabled. Additionally, she has applied for jobs during the period at issue, such as to be a school bus driver and she commented to treatment providers that she was applying for disability, at least in part, in attempt [sic] to have her student loans forgiven.

Tr. 133 (internal citations omitted).

As to CRNP Bullock's opinion, "the treating physician rule is well-established." *Arakas v. Cmm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020). It "requires that ALJs give 'controlling weight' to a treating physician's opinion on the nature and severity of the claimant's impairment if that opinion is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with the other substantial evidence' in the record."

*Tonya B. v. Kijakazi*
Civil No. SAG-20-1361
August 2, 2021
Page 4

*Id.* (citing 20 C.F.R. § 404.1527(c)(2)). [2] Should an ALJ decide that a treating physician's opinion is not entitled to controlling weight, the ALJ must still determine the appropriate weight to assign the opinion by considering several factors, all of which also must be considered when evaluating medical opinion evidence—whatever the source. *Id.*; 20 C.F.R. § 404.1527(c), (c)(2).

In this case, the ALJ gave "less weight and persuasion" to CRNP Bullock's opinion "[b]ased on [the] factors" she discussed in evaluating Plaintiff's social interaction limitations. Tr. 133. The factors she discussed were "records, testimony, and empirical data . . . combined with [her] observations and interactions with the claimant during the hearing." Tr. 133. The ALJ made no mention of whether CRNP Bullock had used "medically acceptable clinical and laboratory techniques" to form his opinion. *See* Tr. 130-34; 20 C.F.R. § 404.1527(c)(2). To the extent her discussion amounts to a finding that CRNP Bullock's medical opinion was "inconsistent with other substantial evidence in the record," *see* 20 C.F.R. § 1527(c)(2), the ALJ nonetheless erred because she failed to properly analyze the weight to which CRNP Bullock's opinion was entitled, once she determined it was not controlling.

Furthermore, as to both the opinion of the consultant and CRNP Bullock, 20 C.F.R. § 404.1527(c), requires an ALJ to consider several factors when deciding the weight to which a non-controlling medical opinion is entitled. An ALJ will consider the length and nature of the treatment relationship, *id*. § 404.1527(c)(1), (c)(2)(i)-(ii); whether the opinion is supported, "particularly [by] medical signs and laboratory findings"; whether the opinion is consistent with the record as a whole; whether the opinion is "related to [the provider's] area of specialty"; and any other relevant factors, *id*. § 404.1527(c)(3)-(6). "An ALJ need not apply [the] factors in a mechanical fashion, so long as the ALJ articulates the reasoning behind the weight accorded to the opinion." *Spitzbarth v. Comm'r, Soc. Sec. Admin.*, No. ADC-17-2934, 2018 WL 4705784, at *5 (D. Md. Sept. 28, 2018).

The ALJ's evaluation of both medical opinions is obviously deficient in that she only discussed the opinion evidence with respect to Plaintiff's social interaction limitations. *See* Tr. 131-34. This is particularly disconcerting because the ALJ's findings also conflict with both opinions with respect to Plaintiff's ability to understand, remember, and apply information and to maintain concentration, persistence, or pace. *See* Tr. 131, 246-48, 1304-08. Further, even with respect to the social interaction discussion, the ALJ made no mention whatsoever of the factors in 20 C.F.R. 404.1527(c). Fairly read, the ALJ discussed only consistency and her own observations of Plaintiff, and only discussed the opinion evidence solely in the context of a single functional area.

Her decision, moreover, contains overt conflicts with the opinion evidence. For example, the ALJ notes several times her finding that Plaintiff is capable of "detailed" and even "complex tasks." *See* Tr. 131-34. The consultant, however, explained that although Plaintiff presented "no evidence of severe dysfunction in any area," Plaintiff nonetheless was capable only of "simple tasks." Tr. 248. The ALJ, moreover, found Plaintiff just mildly limited in concentration,

---

[2] 20 C.F.R. § 404.1527 applies to claims filed before March 27, 2017. It was replaced by § 404.1527c for claims filed on or after March 27, 2017. Plaintiff's claim was filed in 2016.

*Tonya B. v. Kijakazi*
Civil No. SAG-20-1361
August 2, 2021
Page 5

persistence, or pace, Tr. 131, while the consultant opined that Plaintiff "may need reminders" and has "some difficulty with concentration." Tr. 248.

The Commissioner applies the factors herself in defense of the ALJ's weighing of CRNP Bullock's opinion, noting that the extreme limitations contained therein were unexplained and inconsistent with other evidence. ECF No. 29-1 at 11-12. The ALJ, however, did not undertake that analysis, *see* Tr. 131-34, and the Court cannot affirm an ALJ's decision based on analysis developed only on appeal, *see S.E.C. v. Chenery*, 318 U.S. 80, 87 (1943). To the extent that the Commissioner argues that the ALJ's error with respect to CRNP Bullock's opinion is harmless, on these facts, I disagree. The ALJ failed to resolve several conflicts between her findings and the opinion evidence, not only with respect to CRNP Bullock's opinion, but also with respect to the consultant's opinion. The Commissioner does not specifically address the consultant's opinion or the ALJ's discussion of it, but she does argue that "[t]here is no requirement that an ALJ base her RFC finding, or any particular limitation in it, on a medical opinion." ECF No. 29 at 11. While an ALJ need not base her entire decision on any particular opinion, an ALJ must properly weigh the medical evidence and resolve conflicts in evidence. *See* 20 C.F.R § 404.1527(c); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). Here, the ALJ's findings ran counter to substantial evidence submitted by medical professionals. *See* Tr. 131, 246-48, 1304-08. She did not explain why she did not credit the professionals' opinions with respect to a number of Plaintiff's functional limitations, nor did she follow the regulations, as a technical matter, when weighing those opinions. *See* Tr. 131-34; *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("In light of the extensive treatment Lewis received for her various conditions, the ALJ's designation of Lewis' course of treatment as 'conservative' amounts to improperly 'playing doctor' in contravention of the requirements of applicable regulations.") (citing 20 C.F.R. §§ 404.1529, 416.929; *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) ("The ALJ's conclusion is not supported by any medical evidence in the record; it amounts to the ALJ improperly 'playing doctor.'")). Remand is therefore necessary to permit the ALJ the opportunity to explain her findings with respect to Plaintiff's limitations and the opinion evidence.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the remainder of the RFC analysis and the ALJ's failure to consider certain exertional limitations. On remand, the ALJ can consider these arguments and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 25, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 29, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

*Tonya B. v. Kijakazi*
Civil No. SAG-20-1361
August 2, 2021
Page 6

    Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.


                            Sincerely yours,

                              /s/
                         Stephanie A. Gallagher
                         United States District Judge